[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in the above-entitled matter is an association comprised of property owners of a tract of land located on Gulf Street in the city of Milford, Connecticut (See Def. Ex. 13). The several residential homeowners have acquired their properties at various times since Gulf View Estates was established as a subdivision by the defendant Joseph Blichfeldt (hereinafter called the defendant) as the developer in 1994. The defendant originally purchased this tract of land in 1991-92 with the idea of establishing a subdivision of upscale properties to look down an esplanade to the waters of Long Island Sound. (See Pl. Ex. 9). The defendant, in order for the prospective property property owners to retain some degree of control over the area, filed upon land records of Milford a document labeled "Declarations of Gulf View Estates — A Planned Community" (See Pl. Ex. 8) which document appears upon the land records in Volume 2030 on Page 096.
It was the intention of the defendant to create a "Common Interest Ownership Community" under the provisions of the applicable statutes. The areas of the subdivision not occupied by individual lot owners thus became subject to the rules and regulations set out in the Declaration as well as the owners utilization of the individual house lots. These rules and regulations encompassed the right of the association to regulate the location and construction of the individual homes, the plantings CT Page 9178 thereon, and other aspects of the individual homeowners' use and occupancy of their premises. (See Pl. Ex. 8 — Article IX Sec. (h), (i), (j), (k) and (l) — land records Volume 2122, pp. 234, 235.) of particular note is subparagraph (i) — "No hedge, fence, or wall or any above-ground swimming pool or other standing structure shall be erected on or in proximity to any unit bound by this Declaration except with the prior written approval of the Association".
On September 23, 2000 the defendant, the developer of Gulf View Estates and homeowner governed by the Declaration purchased 14 pear trees (Def. Ex. 6) and planted them along a driveway leading to his residence. (See Def. Ex. 2 for the approximate location of the trees). These trees were planted according to the defendant Joseph Blichfeldt in such a fashion as to minimize any visual obstruction to the property owners and the majority of the trees were located behind the "Mansion" presently owned by one Dan Patrick. (T. 5/16/01 — p. 54, 55) (See Def. Ex. 15) These trees were then on the land side of the Patrick residence, not the water side, and consequently any-water view obstruction at this location was predominantly due to the building and not the newly planted trees. However, the Board of Directors of Gulf View Estates took the position that the planting of the pear trees was in violation of the rules of the Association and so notified the defendant and demanded the removal. (See Def. Ex. 8 — letter dated November 7, 2000). According to the defendant, five days after receiving another letter from the Association on December 21, 2000 demanding the removal of the pear trees (Pl. Ex. 13) the trees were cut down by persons unknown. (See Def. Ex. 24.)
The court cannot and does not make any determination as to the identity of any person or association responsible for the act of cutting down the defendant's trees.
In addition to demanding the removal of the pear trees, the association also demanded the defendant trim a hedge located along the water side of Gulf Street. This hedge is depicted in Plaintiff's Exhibit 6. It is the court's understanding from the testimony of Mr. Blichfeldt that he intends to keep this hedge at a level so as not to impair any visibility of the Sound from Gulf View and that such cropping or trimming would have been accomplished except for the institution of this complaint and a couple of other difficulties which arose. (See T. 5/16/01, p. 19.)
The court suggests that the defendant, in the interests of peaceful cohabitation, return and maintain the hedge as it appears in Plaintiff's Exhibit 2. The plaintiff's complaint seeks the removal of the pear trees (or the stumps remaining after what appears to be unlawful cutting by parties unknown), the removal of a hedge on the western side of the defendant's lot, and maintenance of the hedge shown in Plaintiff's CT Page 9179 Exhibit 6. In addition to the claim for a mandatory injunction, the plaintiff claims damages for negligent misrepresentations of the defendant concerning his intentions to maintain the water views of the residents and in the Third Count, a violation of CUTPA as concerns the defendants' representations and actions as concerning water views from Gulf View Estates. The Fourth Count claims the defendant's failure to comply with the rules and regulations of the Association regarding hedges and so forth (Sec. IV, sec. 9.1 — Use and Occupancy Restrictions) has caused damage to the plaintiff.
The defendant has denied any liability on any basis as owing to the plaintiff and by way of counterclaim seeks damages for (1) the loss of the pear trees (2) abuse of process by this action in part complaining about property not subject to the Declaration (3) a loss of a right to privacy by threats as regards to planting of the pear trees, and lastly in (4) intentional infliction of emotional distress.
As to the defendants' claims set out in their counterclaim, the court has already determined that no finding can be made as to the identity of the trespassers who cut down the trees. (See P. 5/16/01, p. 23.) As to the claim of abuse of process, the court concludes that the plaintiff's recourse to litigation to seek to enforce what it believed to be an appropriate section of the Declarations against the defendants does not constitute an abuse of process. See Section 2.2(e) of the Association Bylaws. There is no suggestion that this litigation was pursued merely to harass or maliciously injure the defendant. (See Mazzochi v. Beck,204 Conn. 490, 298). It cannot be concluded that the plaintiff herein instituted this action primarily to accomplish a purpose for which it was not designed.
As to the claims of a violation of the defendants' right to privacy and intentional infliction of emotional distress, the court concludes that any conduct of the plaintiff Association does not rise to the extent necessary to sustain such a claim as set out in Peytan v. Ellis,200 Conn. 243, 253, nor does the conduct of the Association in attempting to enforce what it believed to be governing rules and regulations constitute any invasion of the defendants' right to privacy.
The court accordingly finds for the plaintiff on the defendants' counterclaim.
As to the plaintiff's complaint, the court finds for the defendants. While there may have been some thoughts and ideas on the part of various residents as to obligations regarding trees on Gulf View Estates, there is nothing in the regulations which prohibit the planting of trees. Had the framers of the Declarations or the Association by amendments thereto CT Page 9180 intended to include trees as items subject to control, it is assumed that such could have been included among those items specifically enumerated. The court cannot conclude that the defendants' planting of the pear trees was in any way violative of the rules governing a residents use and enjoyment of his property. That the Association subsequently sought to control such an activity (Def. Ex. 19, 20, 21) is of no consequence as it may relate to a planting of trees accomplished before such a contemplated change. The record also discloses that the entire tract had any number of preexisting trees and that some residents planted trees without seeking approval of the Board of Directors. Nor does the court conclude from the evidence offered that the planting of pear trees in the area previously referred to constitutes any intrusion upon water views which the defendant may have alluded to in comments or literature surrounding the merchandising of the premises as a "water front" community.
Accordingly, judgment may enter for the defendants on the plaintiff's complaint.
George W. Ripley II Judge Trial Referee